IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.

**OSCAR V. ORTIZ**
**USMS # 06436-025**

**Defendant.**                                                   No. 03-CR-30130-DRH

<u>**ORDER**</u>

**HERNDON, District Judge:**

      Pending before the Court is Oscar Ortiz's September 12, 2005 notice informing the Court that he will move for a sentence reduction pursuant to **18 U.S.C. § 3553(a)** which has been docketed as a motion to reduce sentence (Doc. 49). On March 15, 2004, the Court sentenced Ortiz to a term of imprisonment of 63 months for conspiracy to distribute in excess 500 grams of a mixture containing cocaine hydrochloride. Thereafter, the Court reduced Ortiz's sentence pursuant to **Federal Criminal Rule 35(b)** (Doc. 48). Based on the following, the Court dismisses Ortiz's motion for want of jurisdiction.

      Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Criminal Rule 35**, revision is

proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within  7 days after the verdict.  Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Ortiz does not cite any case law or statute which allows the Court to consider his motion.  **Rule 35** is inapplicable because this motion is brought almost 18 months *after* the sentencing and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government already filed a motion to reduce which has been granted.  Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons.  Therefore, the only other possible procedural avenue that Ortiz could bring this motion is a **§ 2255** collateral attack.  Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255.  ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**.  After reviewing the pleading, it is not clear to the Court that Ortiz intends to purse a collateral attack.[1]  Because the Court finds that Ortiz's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction

---

[1] In the event that Ortiz wishes to file a collateral attack, the Court advises Ortiz to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.

to entertain the motion.

Accordingly, the Court dismisses for want of jurisdiction Ortiz's September 12, 2005 notice informing the Court that he will move for a sentence reduction pursuant to **18 U.S.C. § 3553(a)** which has been docketed as a motion to reduce sentence (Doc. 49).

**IT IS SO ORDERED.**

Signed this 19th day of September, 2005.

/s/   David RHerndon
**United States District Judge**
